The rule will be made absolute.

---

LEON A. SHOCKLEY, PROSECUTOR, v. THE TOWNSHIP OF HAMILTON IN THE COUNTY OF MERCER ET AL., RESPONDENTS.

Argued June 7, 1923—Decided June 16, 1923.

1. Assuming, without deciding, that a township committee has power to remove a recorder for malfeasance or nonfeasance in office where no statutory power of removal is given and his term is fixed by law, such power of removal cannot be exercised unless there be, when practicable, due notice to the recorder of the charge, fairly and fully apprising him of the acts or omissions complained of, and of the time when he may answer it, a reasonable opportunity to defend himself, and sufficient proof of a legal cause for removal.

2. A resolution of a township committee purporting to convict a township recorder of charges of malfeasance or nonfeasance in office, and removing him therefrom, must contain the substance of the evidence upon which the action is based, in order to enable the reviewing court to judge of its sufficiency.

On *certiorari*, &c.

Before a single justice, pursuant to the statute.

For the prosecutor, *Harry Heher*.

For the respondents, *Alvin W. Sykes*.

The opinion of the court was delivered by

TRENCHARD, J.   This writ brings up a resolution of the township committee of the township of Hamilton, in the county of Mercer, dismissing the prosecutor, Leon A. Shockley, as recorder of the township, and a further resolution, supplementary thereto, that "no more checks" be made to him.

It is stipulated that on January 1st, 1921, pursuant to the powers conferred by chapter 74 of the laws of 1914 (*Sup. Comp. Stat., p.* 1568), the prosecutor was appointed recorder by the township committee for the term of three years, that his salary was fixed in lieu of fees, and that he immediately duly qualified and assumed the duties of his office.

The statute (chapter 74 of laws of 1914, *Sup. Comp. Stat., p.* 1568) declares that:

"In any township of this state the township committee may, in its discretion, appoint a fit person, residing in such township to be recorder, to hold office for three years, and may fix the compensation to be paid such recorder, in lieu of all fees allowed by law in such cases; and all fees collected by such recorder shall be accounted for to the township committee and paid over to the township treasurer quarterly and as much oftener as the township committee may, by resolution, direct."

The prosecutor challenges the action of the township committee in dismissing him, upon the ground that it was an arbitrary exercise of power (if it had the power of dismissal at all), in that no charge had been legally preferred against him, that he was denied a hearing and opportunity to present his defence, and that there was no sufficient proof of a legal cause for removal.

At the argument the respondents undertook to justify the dismissal of the prosecutor because of alleged malfeasance or nonfeasance in office, in that he failed to account for and pay over to the township treasurer quarterly, the fees collected by him.

Counsel agree (and it seems to be the fact) that no provision is made in the statutes for the removal of the recorder, and it is said that it is doubtful whether the *township committee* has power in any case to remove him. See *Markley* v. *Cape May Point,* 55 *N. J. L.* 104; *Krueger* v. *Chesilhurst,* 64 *Id.* 523, and *State* v. *Pritchard,* 36 *Id.* 101. But that question need not now be determined; for if it were decided in favor of the respondents, nevertheless the dismissal in question could not stand.

Assuming, without deciding, that the township committee has power to remove the recorder for malfeasance or nonfeasance in office where (as here) no statutory power of removal is given and his term is fixed by law, such power of removal cannot be exercised unless there be, when practicable, due notice to the recorder of the charge, fairly and fully apprising him of the acts or omissions complained of, and of the time when he may answer it, a reasonable opportunity to defend himself, and sufficient proof of a legal cause for removal. *Bowlby* v. *Dover,* 68 *N. J. L.* 97; *Krueger* v. *Chesilhurst, supra; Markley* v. *Cape May Point, supra; Haight* v. *Love,* 39 *N. J. L.* 14; *affirmed, Id.* 476.

Here the record discloses conclusively that no notice of any charges, either written or oral, was given to the prosecutor. True, he was notified to be present at a meeting of the committee, but that notice contained no intimation of charges,

nor of any purpose to complain against him or to remove him from office. It is argued that this defect was cured by the reading of a report of an auditor at the meeting in his presence. To this it may be answered that the *return* does not disclose that the report was read. It shows merely that it was *ordered* read, and then on motion "the matter of the papers was laid over to the next regular meeting." But if it be assumed that it was read in whole or in part, as contended, it was not, in and of itself, sufficient notice of charges. It seems to deal indiscriminately with fines, costs and fees. It is not contended that the fees (or other moneys) were unpaid at the time of the meeting. Indeed, it appears to be expressly stipulated that they had then been paid. The contention is that the fees were not paid *quarterly,* as required by the statute. The record does not disclose any *finding* upon that topic nor any other *finding* of dereliction of duty. If the prosecutor was removed because it was considered that the fees were not paid *quarterly,* it was done without proper notice of such a charge and the resolution upon which such conviction and removal rests is legally insufficient to support the action. The resolution relied upon reads: "It was then moved by Mr. Newbold and seconded by Mr. Harter that Mr. Shockley be dismissed, which was duly carried." But a resolution of a township committee, purporting to convict a township recorder of charges of malfeasance or nonfeasance in office, and removing him therefrom, must contain the substance of the evidence upon which the action is based, in order to enable the reviewing court to judge of its sufficiency. *Mullane* v. *South Amboy,* 86 *N. J. L.* 173, following *Marter* v. *Repp,* 80 *Id.* 530, and distinguishing *Devault* v. *Camden,* 48 *Id.* 433.

The resolutions brought up will be set aside, but without costs.